■ In the Matter of JAMES W. MISKOWSKI (Admitted as JAMES WILLIAM MISKOWSKI), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner. [991 NYS2d 315]—

Motion by the respondent, inter alia, to amend an opinion and order of this Court dated October 23, 2013, which granted an application by the Grievance Committee for the Ninth Judicial District to impose reciprocal discipline upon him.

Upon the papers filed in support of the motion and the papers filed in relation thereto, it is

Ordered that the motion is granted to the extent that the opinion and order of this Court dated October 23, 2013 (112 AD3d 88 [2013]), is recalled and vacated, and the following opinion and order is substituted therefor, and the motion is otherwise denied: Application by the Grievance Committee for the Ninth Judicial District pursuant to 22 NYCRR 691.3 to

impose discipline on the respondent based upon disciplinary action taken by the Supreme Court of New Jersey. The respondent was admitted to the bar in the State of New York at a term of the Appellate Division of the Supreme Court in the First Judicial Department on March 17, 1975, under the name James William Miskowski.

By corrected order of the Supreme Court of New Jersey dated March 8, 2011, the respondent was reprimanded in New Jersey based on his violation of rule 1.15 (a) of the New Jersey Rules of Professional Conduct (hereinafter the RPC) for failing to safeguard client funds, as well as rule 1.15 (d) of the RPC and rule 1:21-6 of the New Jersey Court Rules for record-keeping violations. The New Jersey proceedings arose from an unintentional overdraft in the respondent's attorney trust account, which occurred in February 2008.

A notice pursuant to 22 NYCRR 691.3 was served upon the respondent, by mail, on January 17, 2013, affording him an opportunity to file a verified statement setting forth any of the defenses enumerated under 22 NYCRR 691.3 (c) and a written demand for a hearing, and advising him that if he did not file a verified statement and request a hearing, this Court would impose such discipline or take such disciplinary action as it deemed appropriate (*see* 22 NYCRR 691.3 [b]).

Inasmuch as the respondent has not filed a request for a hearing, there is no impediment to the imposition of reciprocal discipline.

Under the totality of the circumstances, the respondent is publicly censured in New York. Eng, P.J., Mastro, Rivera, Skelos and Roman, JJ., concur.